| | |
|---|---|
| MARTA JO HIESHETTER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-176 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| AARON SAWYER, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

This is a civil rights action brought by a *pro se* plaintiff under 42 U.S.C. § 1983. Plaintiff's complaint arises from a domestic relations proceeding in the Kent County Circuit Court. According to the complaint and attachments, plaintiff and defendant John Hieshetter were divorced in the year 2012. The consent judgment of divorce, entered on November 22, 2012, provided that Mr. Hieshetter would pay spousal support to plaintiff for a period of six years, but that the spousal support obligation would terminate earlier on the occurrence of certain events, including "cohabitation" by plaintiff with another person. After the entry of the divorce decree, Mr. Hieshetter moved to terminate the spousal support provision, alleging that plaintiff was cohabitating with a man named Fredrick Stampone. Mr. Hieshetter supported his allegation of cohabitation based on a number of events, including a police report filed by defendant Aaron Sawyer, a Rockford police officer, indicating that he had been dispatched to plaintiff's residence, where he had seen Mr. Stampone sitting on the kitchen floor.

Plaintiff alleges that defendant Patrick Hillary, a Michigan circuit judge, heard and decided her former husband's motion to terminate spousal support. In connection with that hearing, Judge Hillary heard the testimony of Officer Aaron Sawyer and relied on it, even though the testimony was inadmissible as fruit of an illegal search of plaintiff's home. Plaintiff alleges that Judge Hillary violated her constitutional rights when he entered an order to terminate spousal support on or around October 5, 2013, on the basis of inadmissible evidence and errors of law. Plaintiff alleges that she ordered a transcript of proceedings from defendant Nicole Ludge, the court reporter for Judge Hillary, but that defendant Ludge has failed to produce a transcript, thus impeding plaintiff's right to appeal.

Finally, plaintiff seeks to hold defendant State of Michigan vicariously liable for the conduct of Judge Hillary, a state employee. Furthermore, plaintiff sues defendant Bill Schuette, the Attorney General of the State of Michigan, for his failure to investigate and prosecute the wrongdoing committed by other defendants.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'"

must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**Discussion**

Plaintiff identifies her complaint as arising under 42 U.S.C. § 1983. Section 1983 creates a civil action for deprivation of federal rights under color of state law. To establish a claim under 42 U.S.C. § 1983, a plaintiff must plead and prove two elements: (1) that there was a deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). The allegations in plaintiff's complaint, accepted as factually true for present purposes, fail to establish one or both of these necessary elements as to every named defendant, except Officer Aaron Sawyer.

### A. John Lawrence Hieshetter

Plaintiff brings suit against her former husband, John Hieshetter. She charges her former husband with invading her privacy by hiring a private investigator to spy on her, testifying falsely at a hearing in court, failing to pay spousal support payments when required, and harassing, bullying and stalking her. These allegations, accepted as factually true, fail to state a claim against Mr. Hieshetter under section 1983.

To state a viable claim for relief in a section 1983 action, a plaintiff must allege that he was deprived of a federal right by a person acting "under color of state law." Plaintiff may not proceed under section 1983 against a private party, "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs.*, 526 U.S. at 50). Rather, a plaintiff has the burden of pleading and proving that a defendant should be deemed a "state actor." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007). "As a matter of substantive constitutional law, the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). A private actor acts under color of state law only when his conduct is "fairly attributable to the state." *Lugar*, 457 U.S. at 937.

Plaintiff's complaint is devoid of allegations that would establish a plausible claim that her former husband acted under color of state law. The mere fact that Mr. Hieshetter filed a motion in the circuit court for relief from his spousal support obligations does not establish that he acted under color of state law. A person does not act under color of state law merely by resorting to the courts for relief in a civil case. *See Kelm v. Hyatt*, 44 F.3d 415, 421-22 (6th Cir. 1995).

Furthermore, a witness in a civil or criminal proceeding does not act under color of state law, even if the witness gives perjured testimony. *See Briscoe v. Lahue*, 460 U.S. 325 (1983). Plaintiff's claims against her husband are not actionable under section 1983, because her former husband did not act under color of state law.

> **B. Judge Patrick Hillary**

Judge Patrick Hillary, a state circuit judge assigned to the Kent County Circuit Court Family Division, obviously does act under color of state law. Judge Hillary, however, is clearly immune from suit in the federal courts for any of the damage claims alleged in plaintiff's complaint. State judges enjoy absolute immunity from federal damage suits for acts performed in their judicial capacities, except for acts done in the clear absence of jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). Claims that the state court judge violated state law, acted "maliciously or corruptly" or in excess of his jurisdiction are insufficient to overcome judicial immunity. *See Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L.Ed.2d 555 (1988).

*Stern v. Mascio*, 262 F.3d at 606.

The Supreme Court has held that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). First, a judge is not immune for non-judicial actions, *i.e.*, actions not taken in a judicial capacity. *Id.* at 11. Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction. *Id.* at 12. In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see Savoie v. Martin,* 673 F.3d 488, 493 (6th Cir. 2012).

In the present case, all the actions of Judge Hillary alleged in the complaint are clearly judicial in nature, as they occurred in adjudicating post-judgment divorce proceedings. Deciding motions, ruling on admissibility of evidence, and modifying divorce decrees are all "paradigmatic judicial acts," because they involve resolution of the dispute before the court and alter the rights and liabilities of the parties. *See Forrester*, 484 U.S. at 227. A judge is immune from liability arising from such judicial actions, even if the decisions were erroneous or malicious. *See Morales*, 502 U.S. at 11. Nor can it be said that Judge Hillary took any of these acts "in complete absence of all jurisdiction." The Michigan circuit court is a court of general jurisdiction. MICH. COMP. LAWS § 600.151. The circuit court has "original jurisdiction in all matters not prohibited by law." MICH. CONST. 1963, art. 6 § 13. The Revised Judicature Act grants to the Family Division of the circuit court "sole and exclusive jurisdiction over . . . cases of divorce and ancillary matters . . ." in cases commenced on or after January 1, 1998. MICH. COMP. LAWS § 600.1021(1)(a).

The factual allegations in plaintiff's complaint concerning Judge Hillary all challenge the propriety of his legal rulings in connection with adjudication of post-judgment divorce

proceedings involving plaintiff. He is immune from suit in a section 1983 action seeking compensatory or punitive damages arising from his conduct in adjudicating a state post-judgment divorce matter.[1]

### C. Nicole Ludge

Defendant Nicole Ludge is alleged to be the court reporter responsible for preparing transcripts of proceedings before Judge Hillary. A court reporter employed by the state acts under color of state law, while independent contractors do not. *See Burroughs v. Dorn*, No. 13-cv-3609, 2013 WL 3820673, at * 4 (E.D.N.Y. July 22, 2013). I will assume for present purposes that defendant Ludge is employed by the state government and therefore acts under color of state law. Nevertheless, the complaint fails to state a claim against her for violation of section 1983, for failure to allege deprivation of a federally guaranteed right. Plaintiff alleges only that the court reporter has delayed in providing her needed transcripts. The Michigan Rules of Court dictate the duties of a court reporter in connection with an appeal and provide litigants with remedies in case of a delayed transcript. *See generally* MICH. CT. R. 7.210(B). Michigan law clearly comports with the requirements of due process, as the court rule guards against the loss of an appellant's substantive rights arising from mere delay in providing a transcript. Even assuming an unreasonable delay by Ludge in providing a transcript, plaintiff has failed to allege facts showing a deprivation by the court reporter of any federally guaranteed right. *See Yevstifeev v. Steve*, 730 F. Supp. 2d 308, 310-11

---

[1] Plaintiff also seeks an order disbarring Judge Hillary. Such relief is outside the jurisdiction of this court. If plaintiff believes that Judge Hillary has violated his duties as a state-court judge, her recourse is through the Michigan Judicial Tenure Commission.

(W.D.N.Y. 2010) (delay by court reporter in providing transcript does not support due process claim).

### D. State of Michigan

Plaintiff sues the State of Michigan, alleging that Judge Hillary is employed by the state and that the state is therefore vicariously liable for his mistakes. The state is clearly immune from suit in the federal courts as a result of the Eleventh Amendment. *Harrison v. Michigan*, 722 F.3d 768, 770 (6th Cir. 2013).

### E. Attorney General Bill Schuette

Plaintiff has added Attorney General Bill Schuette as a defendant, seeking to hold him legally responsible for his failure to ensure that plaintiff's rights were not violated in the state-court proceedings. The claim against Schuette suffers from numerous flaws, but discussion of only one should suffice. In the landmark case of *Deshaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189 (1989), the Supreme Court held that the Due Process Clause does not require a state to protect citizens from invasion of their personal security by private actors. Furthermore, the federal Constitution does not impose upon the state officers an affirmative obligation to render aid. 489 U.S. at 195-96. The Due Process Clause is designed "to protect the people from the State, not to ensure that the State protect[s] them from each other." *Id.* at 196. Simply put, Attorney General Schuette has no federal obligation to intervene in state-court proceedings on behalf of any individual, including plaintiff, to assure that an individual's rights are protected. The claims against Attorney General Schuette are inarguable. The mere fact that the Attorney General allegedly knows plaintiff needs help and refuses to assist her involves no federally protected right.

F.  **Officer Aaron Sawyer**

The allegations in plaintiff's complaint, accepted as true, do assert a plausible Fourth Amendment claim against Police Officer Aaron Sawyer. The complaint and attachments indicate that Sawyer was dispatched to plaintiff's home on March 12, 2012, after a young girl posted on Facebook that she could not wait to hang herself. The Rockford Police Department apparently believed, albeit erroneously, that the girl's last known address was on South Fremont Street, where plaintiff lived. Officer Sawyer's report (ID#s 18-19) indicates that he knocked on the front door and could see someone moving inside the residence, but could not tell who it was. The officer then entered the back yard and looked into the kitchen from there, where he had contact with both plaintiff and Mr. Stampone. Ultimately, the officers left when they learned that the girl no longer lived at that address.

The Fourth Amendment protects persons from unreasonable searches and seizures by government officers. It does not forbid an officer from walking up to a person's front door and knocking, as custom implicitly licenses visitors to approach the home by the front path, knock and wait briefly to be received. *See Florida v. Jardines*, 133 S. Ct. 1409, 1415-16 (2013). Officer Sawyer therefore needed no warrant to knock on plaintiff's front door. Plaintiff's allegation, however, that the officer entered the back yard and then looked through the back window alleges a plausible invasion of plaintiff's privacy for Fourth Amendment purposes, as the back yard of a private home is generally considered to fall within the "curtilage" entitled to Fourth Amendment protection. *See United States v. Anderson-Bagshaw*, 509 F. App'x 396, 403 (6th Cir. 2012). The officer may have been justified in entering the back yard by perceived exigent circumstances, but it is not possible to make that determination on the present record. I therefore conclude that the

allegations in plaintiff's complaint, accepted as true for present purposes, establish a plausible Fourth Amendment claim against Officer Sawyer.

### Recommended Disposition

After review of plaintiff's *pro se* complaint, I conclude that the complaint fails to state a claim upon which relief can be granted against defendants John Lawrence Hieshetter, Patrick Hillary, State of Michigan, Bill Schuette, and Nicole Ludge, or that those defendants are clearly entitled to immunity from suit. I therefore recommend that the complaint against those defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2). I further recommend that the summons and complaint be served on defendant Aaron Sawyer, as the complaint alleges a plausible Fourth Amendment claim against him.


Dated: March 4, 2014          /s/ Joseph G. Scoville
                                            United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).